# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re JOSEPH EDWARD KLOIAN,

                        Case No. 07-CV-12224-DT

        Debtor,               Bankruptcy No. 99-51514-WS

_____/

## OPINION AND ORDER DISMISSING THE NOTICE OF APPEAL

On May 22, 2007, Debtor Joseph Edward Kloian filed a "Notice of Appeal" in the above-captioned case, which arises from an order entered in the underlying bankruptcy matter numbered 99-51514. The court has considered numerous other appeals of the same bankruptcy case. The court will, for the reasons given below, dismiss the appeal.

## I. THE COURT WILL ONLY CONSIDER APPEALS BY THE GUARDIAN AD LITEM

The instant appeal bears a fundamental procedural default. The court has explained before to Debtor that only the guardian ad litem ("GAL") may initiate appeals on Debtor's behalf. Debtor is not authorized to bring appeals in his personal capacity. As the court explained in a similar order dismissing a different appeal by Debtor:

> The Sixth Circuit unambiguously affirmed the authority of the GAL. "Kloian cannot appeal, except through his GAL, from adverse bankruptcy court orders as a general matter." *In re Kloian*, 179 Fed. Appx. 262, 265 (6th Cir. 2006).

(3/26/06 Order at 2, Case no. 06-14166.) Because the GAL did not initiate this appeal, the court will dismiss it. Debtor lacks individual standing to appeal.

## II.  THE COURT WILL NOT GRANT LEAVE TO APPEAL

### A.  The Order Is Not a Final Order Subject to Appeal by Right

Because Debtor's appeal challenges the existence and authority of the GAL, it is not surprising that Debtor initiated the appeal by himself.  Even if the appeal were properly before this court, the court would not grant leave to appeal the interlocutory order.  Under 28 U.S.C. § 158, the court has jurisdiction over appeals from final orders of the bankruptcy court.  Specifically,  28 U.S.C. § 158 states in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
> . . .
> (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a).  A final order of a bankruptcy court may be appealed as of right under § 158(a)(1).  *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997).  "[A]n order is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Cundiff*, 227 B.R. 476, 477 (B.A.P. 6th Cir. 1998) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)).

Debtor's appeal seeks to challenge the determination of the bankruptcy court that it has the authority to appoint a GAL to represent Debtor.  The bankruptcy court's order did not resolve the merits of any bankruptcy claim in that it did not rule on the claim's validity or amount.  *See In re X-Cel Inc.*, 68 B.R. 131, 133 (N.D. Il 1986) (finding that a bankruptcy court's order allowing a late-filed proof of claim is not a final decision).

Accordingly, the order was not final and Debtor therefore has no right to appeal the bankruptcy court's order under 28 U.S.C. § 158(a)(1).

## B. Interlocutory Appeal Would Be Improper

Determining that the bankruptcy court's order is not a final order for purposes of appeal does not, however, end the court's inquiry. A district court, may, in its discretion, grant leave to hear an interlocutory order entered by a bankruptcy court under 28 U.S.C. § 158(a)(3). Although Debtor has failed to file a motion for leave to appeal the bankruptcy court's order, Bankruptcy Rule 8003(c) allows the court to consider the notice of appeal as a motion for leave to appeal.

In determining whether to exercise discretion to hear an appeal of an interlocutory bankruptcy order, district courts generally apply the standards found in 28 U.S.C. § 1292(b). *See In re Wicheff*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1997). District courts should therefore consider whether a bankruptcy court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Additionally, courts should consider that "[l]eave to appeal from interlocutory orders should be granted only in exceptional circumstances because to do otherwise would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Wicheff*, 215 B.R. at 844 (citations and internal quotations omitted).

Applying these standards to the present appeal, the court finds that an interlocutory appeal is not warranted. First, there is no controlling legal question.

3

"According to the Sixth Circuit, '[a] legal issue is controlling if it could materially affect the outcome of the case,' but 'generally does not include matters within the discretion of the trial court.'" *Head v. Farm Bureau General Ins. Co. of Michigan*, No. 05-72650, 2005 WL 2173568 at *4 (E.D. Mich., Sep. 6, 2005) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2000)).

Issues of competency fall within the discretion of the bankruptcy court. Indeed, Federal Rule of Civil Procedure 17 requires a GAL or a functional equivalent for incompetent litigants. "The court *shall* appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed. R. Civ. P. 17(c) (emphasis added). This rule, as the bankruptcy court explained, (5/22/07 Bankr. Order at 11), is applicable to bankruptcy court proceedings by virtue of Federal Rule of Bankruptcy Procedure 9104. The "deems proper" language of Rule 17 makes plain that the court has wide discretion in protecting the interests of incompetent litigants. Because the bankruptcy court has such broad discretion, Debtor raises issues that are not controlling legal questions that could materially affect the outcome of the case. The collateral nature of the issue is another important factor weighing against Debtor.

Additionally, Debtor has not persuaded the court that an immediate appeal will materially advance the ultimate termination of the litigation. The appeal does not raise substantive issues that are central to the proper and expeditious resolution of the bankruptcy case. The court is not persuaded that the resolution of this interlocutory appeal of what is in essence a collateral issue will materially advance the long-pending

4

bankruptcy case.  *See In re X-Cell, Inc.*, 68 B.R. at 134 (finding "it unlikely that a resolution of the timeliness issue will materially advance the ultimate termination fo this bankruptcy reorganization which has been proceeding for several years now").  Indeed, it appears that the issue raised is doubly collateral to the extent that it only addresses the authority to appoint a GAL and not the wisdom of the appointment itself.  The issue is thus twice-removed from the merits of the bankruptcy proceedings before the bankruptcy court.  This appeal would therefore likely prolong an already lengthy process.  Debtor has failed to show that exceptional circumstances exist that justify the court's discretionary review of this interlocutory appeal.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the "Notice of Appeal" [Dkt #1] is DISMISSED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 19, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\07-12224.KLOIAN.BankruptcyAppealReJurisdictionGAL.wpd